IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | § | |
|---|---|---|
| SAMUEL ROY JACKSON | § | |
| VS. | § | CIVIL ACTION NO. 9:21-CV-100 |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Samuel Roy Jackson, an inmate currently confined at the McConnell Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action against Defendants Janet Haney, Eddie Lomas, and Arron Thompkins.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Background

This complaint was originally filed on June 9, 2021, in the Tyler Division of the Eastern District of Texas. *Jackson v. TDCJ, et al.*, Civil Action No. 6:21-CV-227, Complaint (doc. # 1). United States Magistrate Judge John Love transferred venue to the Lufkin Division in the above-referenced complaint on June 10, 2021 (doc. # 4).

In his Amended Complaint, Plaintiff sues Defendants Lomas, Tompkins, and Haney in their individual and official capacities pursuant to 42 U.S.C. § 1983 for Eighth Amendment violations.

Plaintiff alleges that in March of 2019, he fell from the top bunk of a bed and the Defendants failed to provide medical care for his injuries. Plaintiff seeks monetary damages to be determined by a jury.

The Defendants were ordered to answer on December 30, 2021 (doc. # 23). Currently pending is a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) filed by Defendants Janet Haney, Eddie Lomas, Arron Thompkins on March 28, 2022 (doc. # 36). Defendants argue the complaint is barred by the applicable statute of limitations. Despite ample time to file a Response, Plaintiff has yet to do so.[1]

Standard of Review

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case." *M.J.L. v. McAleenan*, 420 F. Supp.3d 588, 593 (W.D. Tex. 2019) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). Lack of subject matter jurisdiction may be found in any one of three instances "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *King v. U.S. Dept. of Veterans Affairs*, 728 F.3d 410, 413 (5th Cir. 2013) (citation omitted). The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

---

[1] Defendants Haney and Thompkins were served first and filed a Motion to Dismiss on February 2, 2022 (Doc. # 27). The Motion argues the complaint is barred by the statute of limitations and is the same in substance and form as the March 28, 2022 Motion to Dismiss joined by Defendant Lomas.

"The filings of a *pro se* litigant are to be liberally construed, ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) (emphasis and alterations in original) (citation and internal quotation marks omitted). But "*pro se* plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam) (citation omitted).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic

3

deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558). A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

Discussion

**1. Official Capacity**

Plaintiff is suing the Defendants Collier and Bowman in their official and individual capacities for violations of his Eighth Amendment rights. To the extent Plaintiff is suing the Defendants in their official capacity for monetary damages, these claims are barred by the Eleventh Amendment immunity.

Unless a State consents to suit or Congress exercises its power to override a state's immunity, the Eleventh Amendment bars § 1983 suits in either state or federal courts. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Suits brought against state officials in their official capacity are, in effect, asserted against the state itself and are similarly barred. *Id*. at 71.

It follows that the Eleventh Amendment bars recovery of damages under 42 U.S.C. § 1983 from state employees in their official capacities for constitutional violations. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2001); *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). While a state official's future conduct may be subject to an injunction, a federal court may not award damages against a state official in his official capacity. *Saahir v. Estelle*, 47 F.3d

758, 762 (5th Cir. 1995). Plaintiff's claims against the Defendants in their official capacities for monetary damages should be dismissed for lack of subject matter jurisdiction.

## 2. Statute of Limitations

A claim is time-barred and subject to dismissal under Rule 12(b)(6) where the claim was clearly filed after the applicable statute of limitations had run and it was evident from the pleadings that the plaintiff was not entitled to the benefit of the discovery rule. *Kansa Reinsurance Co. v. Congressional Mortg. Corp.*, 20 F.3d 1362, 1366–70 (5th Cir. 1994). The statute of limitations for claims brought under § 1983 is determined by looking to the forum state's limitations period for personal-injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Texas, the statute of limitations for a § 1983 claim is two years. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

The statute of limitations begins to run when the plaintiff becomes aware that he has suffered an injury or has sufficient information to know of the injury. *Matter of Hoffman*, 955 F.3d 440, 444 (5th Cir. 2020). In the present case, Plaintiff alleges the Defendants were deliberately indifferent to his serious medical needs when he fell from a bunk bed in March of 2019. Plaintiff, however, did not file his complaint until June 9, 2021, approximately three months past the two year statute of limitations. Despite more than ample time, Plaintiff has yet to file a response arguing his complaint is in fact timely or that the filing should somehow be equitably tolled. As such, Plaintiff's complaint should be dismissed as time-barred and dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Recommendation

Defendants' Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) should be granted. This civil rights action should be dismissed for lack of subject matter jurisdiction and for failure to state a claim.

Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n.,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 29th day of June, 2022.

_____
Zack Hawthorn
United States Magistrate Judge